IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Longoria, | No. CV-22-02203-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation (R&R") of Magistrate Judge Eileen S. Willett (Doc. 16) regarding Hector Longoria's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1). The R&R recommends that the Petition be dismissed with prejudice as all of Petitioner's habeas claims are procedurally defaulted without excuse. The R&R does note that a petitioner may overcome a procedural default by proving that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles v. Ryan,* 752 F.3d 768 (9th Cir. 2014). But it also notes that Petitioner, rather than arguing that he qualified for the fundamental miscarriage of justice exception, argued that his petition had been timely filed. (Doc. 16 at 11). The Magistrate Judge advised the parties they had fourteen days to file objections to the R&R (R&R at 11 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72). Petitioner filed objections on October 9, 2023 (Doc. 17). In that objection Petitioner does not assert that he argued in his Petition for the proposition that he met the fundamental miscarriage of justice exception. He nevertheless argues it as

an objection to the determinations of the R&R. (Doc. 17 at 4). Respondents filed a reply on October 23, 2023 (Doc. 19). In the Reply Respondents demonstrate that Petitioner has set forth no new evidence showing that a constitutional violation has occurred in his case that probably resulted in his conviction when he was actually innocent. *Schlup v. Delo, 513 U.S. 298,* This is the appropriate standard for the exception he invokes in his objection. The government further sets forth sufficient evidence providing factual support for Petitioner's guilty plea.

The Court has considered the objections and reply and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, further finds that petitioner offers no new evidence showing that a constitutional violation has occurred in his case that probably resulted in his conviction when he was actually innocent and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 16) is accepted and supplemented with the determination that no fundamental miscarriage of justice will result from Petitioner's procedural default.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

**IT IS FURTHER ORDERED** Petitioner's Application for Certificate of Appealability (Doc. 18) is denied because dismissal of the Petition is justified by a plain procedural bar and that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Dated this 24th day of January, 2024.

_____
G. Murray Snow
Chief United States District Judge